1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                         DISTRICT OF NEVADA

7                               * * *

8   MILTON O. CRAWFORD,                    )
                                           )
9            Plaintiff,                     )        2:12-cv-00122-GMN-GWF
                                           )
10  vs.                                     )
                                           )        **ORDER**
11  SMITH'S FOOD AND DRUG                   )
    STORE, et. al.,                         )        Screening of Complaint (#1-1)
12                                          )        Motion for Service (#5)
             Defendant,                     )        Motion for Leave to Supplement (#7)
13  _____)

14          This matter comes before the Court on the screening of Plaintiff's Complaint (#1-1), filed

15  on January 23, 2012; Plaintiff's Motion for Service of Complaint and Summons (#5), filed on

16  February 7, 2012; and Plaintiff's Motion for Leave to File Supplement Complaint (#7), filed on

17  February 24, 2012.  On February 3, 2012, the Court granted Plaintiff's Application to Proceed in

18  Forma Pauperis (#1) and set a status hearing. (*See* #3.)  On March 8, 2012, the Court conducted a

19  status hearing on this matter.

20                              **BACKGROUND**

21          Plaintiff alleges claims for intentional infliction of emotion and mental distress, undue

22  harassment, racial discrimination, age discrimination, sexual discrimination, wage

23  discrimination, defamation, degradation of character, humiliation, laceration of feelings,

24  retaliation for engaging in protected activity, wrongful retaliatory discharge and compensatory

25  damages.  Plaintiff claims that he made verbal and written complaints of food safety concerns,

26  race discrimination, age discrimination, wage discrimination, gender discrimination, harassment,

27  unequal treatment, not receiving scheduled breaks, and being held to a higher standard than other

28  individuals.  Plaintiff alleges that Defendant ignored his concerns and failed to take any action to

1   correct their behavior.  Plaintiff further claims that because he expressed these concerns, Plaintiff

2   was subjected to a hostile work environment, was retaliated against and ultimately discharged for

3   filing a complaint with the Equal Employment Opportunity Commission (EEOC).

4         Plaintiff further claims that Defendant granted Plaintiff time off due to a family crisis, but

5   then subsequently reprimanded Plaintiff for "excessive absenteeism."  Plaintiff alleges that this

6   reprimand was used to support his termination.  Additionally, Plaintiff claims that Bob Day,

7   Personnel Director, and Peter Barth, Vice President, willfully denied Plaintiff the right to appeal

8   his termination.  As a result, Plaintiff requests $426,800.00 in compensatory damages and

9   $10,000,000.00 in punitive damages.

10                                          **DISCUSSION**

11  **A.      Screening of Complaint**

12        Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

13  complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to

14  dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

15  relief  may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is

16  immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be

17  dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a

18  doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to

19  relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be

20  dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual

21  scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual

22  frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

23  incredible, whether or not there are judicially noticeable facts available to contradict them."

24  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under §

25  1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing

26  its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be

27  cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

28  . . .

1    It appears Plaintiff is attempting to state a claim for discrimination and retaliation under

2    Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e et seq.   Title VII allows persons to sue

3    an employer for discrimination on the basis of race, color, religion, gender or national origin if he

4    or she has exhausted both state and EEOC administrative procedures.  Once plaintiff files

5    charges with the EEOC, the commission will investigate the charges, attempt to reach a

6    settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney

7    General if the charges are against a state or local governmental entity. *Id.*  If the EEOC or

8    Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff,

9    the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies

10   with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1).  After receipt of the right to sue letter, plaintiff

11   may sue in federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S.

12   820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990).  Here, Plaintiff has attached a right to sue

13   letter from the EEOC and subsequently filed this action within 90 days.  Thus, it appears Plaintiff

14   has exhausted his administrative remedies.

15   **I.     Discrimination Claim**

16       In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff

17   must establish: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was

18   subjected to an adverse employment action; and (d) similarly situated employees not in his

19   protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.

20   2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.2002)).  Plaintiff appears to

21   be alleging racial discrimination, age discrimination, sex discrimination and wage discrimination.

22   Plaintiff however failed to allege facts sufficient to support any claim of discrimination.  For each

23   claim of discrimination, Plaintiff must meet all the requirements listed above.  For example, to

24   allege racial discrimination, Plaintiff must identify his race, establish that he belongs to a

25   protected class, prove that he was qualified for his job, explain the specific adverse employment

26   action he was subjected to, and provide facts to support that similarly situated employees that are

27   not part of his protected class received more favorable treatment.  Plaintiff must then allege the

28   same for his claim of age discrimination, wage discrimination and sex discrimination.  The Court

1    will therefore grant Plaintiff leave to amend his complaint in accordance with the above

2    discussion.

3            **II.      Retaliation Claim**

4            It appears Plaintiff is also attempting to state a claim for retaliation.  Title VII prohibits,

5    among other things, retaliation against an employee for filing a discrimination charge or

6    otherwise participating in a Title VII proceeding. *See* 42 U.S.C. § 2000e–3(a); *Nilsson v. City of*

7    *Mesa*, 503 F.3d 947, 944 (9th Cir.2007). "In order to establish a prima facie case of retaliation,

8    the plaintiff must demonstrate that (1) he had engaged in a protected activity;" (2) the Defendants

9    subjected him "to an adverse employment action; and (3) a causal link existed between the

10   protected activity and the adverse employment action." *Porter v. California Dept. of Corrections*,

11   419 F.3d 885, 894 (9th Cir.2005).  If the plaintiff "provides sufficient evidence to show a prima

12   facie case of retaliation, the burden then shifts to the [Defendants] to articulate a legitimate,

13   non-retaliatory reason for [their] actions." *Id.* (citation omitted).  If the Defendants set forth such

14   a reason, Plaintiff "bears the ultimate burden of submitting evidence indicating that the

15   [defendant's] proffered reason is merely a pretext for a retaliatory motive." Id. (citation omitted).

16           Plaintiff's complaint alleges that he made several verbal and written complaints to

17   management, and that management failed to take any action to address Plaintiff's concerns.

18   Plaintiff further claims that he was retaliated against and discharged because he filed a complaint

19   with the EEOC.   Taking these allegations as true and viewing them in the light most favorable to

20   the Plaintiff, the Court finds Plaintiff's complaint sufficiently alleges a claim for retaliation.

21           **III.     Hostile Work Environment Claim**

22           It also appears that Plaintiff is attempting to state a claim for hostile work environment

23   under Title VII.  In order to prove a primia facie case of a hostile work environment in violation

24   of Title VII, Plaintiff must show: (a) that he was subjected to verbal or physical conduct; (b) that

25   this conduct was unwelcome; and (c) that the conduct was sufficiently severe or pervasive to

26   alter the conditions of the victim's employment and create an abusive working environment.

27   *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir.2003) ( *citing Kang v. Lim Am., Inc.*,

28   296 F.3d 810, 817 (9th Cir.2002).  Here, Plaintiff simply alleges that he was subjected to a

1  hostile work environment, but fails to allege any specific verbal or physical conduct that altered

2  his working conditions and created a hostile environment.  The Court will therefore grant

3  Plaintiff leave to amend his hostile work environment claim to allege facts specific to support

4  such a claim.

5      **IV.   Defamation Claim**

6      Plaintiff also alleges a claim of defamation.  "A defamation claim requires demonstrating

7  (1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an

8  unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4)

9  actual or presumed damages." *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev.2005).  Truth, however,

10  is a complete defense to defamation. *See Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 88

11  (Nev.2002).  Plaintiff fails to allege any facts to support a defamation claim.  The Court will

12  therefore grant Plaintiff leave to amend his complaint.

13      **V.   Intentional Infliction of Emotional Distress Claim**

14      It appears Plaintiff may also be attempting to allege a claim of intentional infliction of

15  emotional distress.  To state a claim for intentional infliction of emotional distress the plaintiff

16  must establish: "(1) extreme and outrageous conduct with either the intention of, or reckless

17  disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme

18  emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*,

19  115 Nev. 372, 989 P.2d 882, 886 (1999) (quoting *Star v. Rabello*, 97 Nev. 124, 625 P.2d 90, 92

20  (1981)). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of

21  decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency*

22  *Rent–A–Car*, 114 Nev. 1, 953 P.2d 24, 26 (1998) (internal quotation marks and citation omitted).

23  "The Court determines whether the defendant's conduct may be regarded as extreme and

24  outrageous so as to permit recovery, but, where reasonable people may differ, the jury determines

25  whether the conduct was extreme and outrageous enough to result in liability." *Chehade Refai v.*

26  *Lazaro*, 614 F.Supp.2d 1103, 1121 (D.Nev.2009) (citing *Norman v. Gen. Motors Corp.*, 628

27  F.Supp. 702, 704–05 (D.Nev.1986)).  The Court finds that Plaintiff failed to plead facts sufficient

28  to support an intentional infliction of emotional distress claim.  Even if the Court were to

1  consider Plaintiff's alleged wrongful termination as extreme or outrageous conduct, Plaintiff

2  failed to allege that he suffered any severe or emotional distress as a result of that conduct.  The

3  Court will therefore grant Plaintiff leave to amend his complaint.

4        If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed

5  that the court cannot refer to a prior pleading in order to make his amended complaint complete.

6  Local Rule 15–1 requires that an amended complaint be complete in itself without reference to

7  any prior pleading. This is because, as a general rule, an amended complaint supersedes the

8  original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an

9  amended complaint, the original pleading no longer serves any function in the case. Therefore, in

10  an amended complaint, as in an original complaint, each claim and the involvement of each

11  defendant must be sufficiently alleged.

12  **B.  Motion for Delivery of Complaint and Summons (#5)**

13        On February 7, 2012, Plaintiff filed a motion, requesting the Court serve the Defendants

14  in this action.  Plaintiff's request is premature.  Plaintiff's complaint must first be screened

15  pursuant to 28 U.S.C. §1915 and then filed with the Court.  After the complaint has been filed,

16  then Defendants can be served with the summons and complaint.  Upon the final screening of

17  Plaintiff's complaint, the Court will provide Plaintiff with further instructions to complete

18  service on Defendants.  Plaintiff's motion is therefore denied.

19  **C.  Motion for Leave to Supplement Complaint (#7)**

20        Plaintiff further requests the Court grant him leave to attach an additional EEOC Notice

21  of Rights to his original complaint, which he inadvertently forgot to attach.  The Court will not

22  grant Plaintiff leave to attach this additional document to his original complaint because the

23  Court is dismissing Plaintiff's complaint with leave to amend.  Rather, the Court instructs

24  Plaintiff to attach this document and any other documents that support Plaintiff's claims to his

25  amended complaint.  Accordingly,

26      **IT IS HEREBY ORDERED** that the Plaintiff's Complaint (#1-1) is **dismissed** without

27  prejudice with leave to amend.  Plaintiff shall have until **Monday, April 9, 2012**,  to correct the

28  noted deficiencies and file a complete amended complaint.

1          **IT IS FURTHER ORDERED** that Plaintiff's Motion for Delivery of Complaint and

2    Summons (#5) is **denied**.

3          **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Supplement

4    Complaint (#7) is **denied**.

5          DATED this 8th day of March, 2012.

6

7                                                 _George Foley Jr._____

8                                                 GEORGE FOLEY, JR.
                                                  United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28