UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MILTON O. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | 2:12-cv-00122-GMN-GWF |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| SMITH'S FOOD AND DRUG ) | |
| STORE, et. al., ) | Screening of Complaint (#1-1) |
| ) | Motion for Service (#5) |
| Defendant, ) | Motion for Leave to Supplement (#7) |
| ) | |

This matter comes before the Court on the screening of Plaintiff's Complaint (#1-1), filed on January 23, 2012; Plaintiff's Motion for Service of Complaint and Summons (#5), filed on February 7, 2012; and Plaintiff's Motion for Leave to File Supplement Complaint (#7), filed on February 24, 2012. On February 3, 2012, the Court granted Plaintiff's Application to Proceed in Forma Pauperis (#1) and set a status hearing. (*See* #3.) On March 8, 2012, the Court conducted a status hearing on this matter.

**BACKGROUND**

Plaintiff alleges claims for intentional infliction of emotion and mental distress, undue harassment, racial discrimination, age discrimination, sexual discrimination, wage discrimination, defamation, degradation of character, humiliation, laceration of feelings, retaliation for engaging in protected activity, wrongful retaliatory discharge and compensatory damages. Plaintiff claims that he made verbal and written complaints of food safety concerns, race discrimination, age discrimination, wage discrimination, gender discrimination, harassment, unequal treatment, not receiving scheduled breaks, and being held to a higher standard than other individuals. Plaintiff alleges that Defendant ignored his concerns and failed to take any action to

1  correct their behavior.  Plaintiff further claims that because he expressed these concerns, Plaintiff
2  was subjected to a hostile work environment, was retaliated against and ultimately discharged for
3  filing a complaint with the Equal Employment Opportunity Commission (EEOC).
4    Plaintiff further claims that Defendant granted Plaintiff time off due to a family crisis, but
5  then subsequently reprimanded Plaintiff for "excessive absenteeism."  Plaintiff alleges that this
6  reprimand was used to support his termination.  Additionally, Plaintiff claims that Bob Day,
7  Personnel Director, and Peter Barth, Vice President, willfully denied Plaintiff the right to appeal
8  his termination.  As a result, Plaintiff requests $426,800.00 in compensatory damages and
9  $10,000,000.00 in punitive damages.

## DISCUSSION

**A.     Screening of Complaint**

  Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief  may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

. . .

It appears Plaintiff is attempting to state a claim for discrimination and retaliation under Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e et seq. Title VII allows persons to sue an employer for discrimination on the basis of race, color, religion, gender or national origin if he or she has exhausted both state and EEOC administrative procedures. Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney General if the charges are against a state or local governmental entity. *Id.* If the EEOC or Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right to sue letter, plaintiff may sue in federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donenelly*, 494 U.S. 820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990). Here, Plaintiff has attached a right to sue letter from the EEOC and subsequently filed this action within 90 days. Thus, it appears Plaintiff has exhausted his administrative remedies.

**I.     Discrimination Claim**

In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.2002)). Plaintiff appears to be alleging racial discrimination, age discrimination, sex discrimination and wage discrimination. Plaintiff however failed to allege facts sufficient to support any claim of discrimination. For each claim of discrimination, Plaintiff must meet all the requirements listed above. For example, to allege racial discrimination, Plaintiff must identify his race, establish that he belongs to a protected class, prove that he was qualified for his job, explain the specific adverse employment action he was subjected to, and provide facts to support that similarly situated employees that are not part of his protected class received more favorable treatment. Plaintiff must then allege the same for his claim of age discrimination, wage discrimination and sex discrimination. The Court

- 3 -

1  will therefore grant Plaintiff leave to amend his complaint in accordance with the above
2  discussion.
3       **II.**     **Retaliation Claim**
4       It appears Plaintiff is also attempting to state a claim for retaliation.  Title VII prohibits,
5  among other things, retaliation against an employee for filing a discrimination charge or
6  otherwise participating in a Title VII proceeding. *See* 42 U.S.C. § 2000e–3(a); *Nilsson v. City of*
7  *Mesa*, 503 F.3d 947, 944 (9th Cir.2007). "In order to establish a prima facie case of retaliation,
8  the plaintiff must demonstrate that (1) he had engaged in a protected activity;" (2) the Defendants
9  subjected him "to an adverse employment action; and (3) a causal link existed between the
10  protected activity and the adverse employment action." *Porter v. California Dept. of Corrections*,
11  419 F.3d 885, 894 (9th Cir.2005).  If the plaintiff "provides sufficient evidence to show a prima
12  facie case of retaliation, the burden then shifts to the [Defendants] to articulate a legitimate,
13  non-retaliatory reason for [their] actions." *Id.* (citation omitted).  If the Defendants set forth such
14  a reason, Plaintiff "bears the ultimate burden of submitting evidence indicating that the
15  [defendant's] proffered reason is merely a pretext for a retaliatory motive." Id. (citation omitted).
16       Plaintiff's complaint alleges that he made several verbal and written complaints to
17  management, and that management failed to take any action to address Plaintiff's concerns.
18  Plaintiff further claims that he was retaliated against and discharged because he filed a complaint
19  with the EEOC.   Taking these allegations as true and viewing them in the light most favorable to
20  the Plaintiff, the Court finds Plaintiff's complaint sufficiently alleges a claim for retaliation.
21       **III.**     **Hostile Work Environment Claim**
22       It also appears that Plaintiff is attempting to state a claim for hostile work environment
23  under Title VII.  In order to prove a primia facie case of a hostile work environment in violation
24  of Title VII, Plaintiff must show: (a) that he was subjected to verbal or physical conduct; (b) that
25  this conduct was unwelcome; and (c) that the conduct was sufficiently severe or pervasive to
26  alter the conditions of the victim's employment and create an abusive working environment.
27  *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir.2003) ( citing *Kang v. Lim Am., Inc.*,
28  296 F.3d 810, 817 (9th Cir.2002).  Here, Plaintiff simply alleges that he was subjected to a

1 hostile work environment, but fails to allege any specific verbal or physical conduct that altered
2 his working conditions and created a hostile environment.  The Court will therefore grant
3 Plaintiff leave to amend his hostile work environment claim to allege facts specific to support
4 such a claim.

### IV.    Defamation Claim

Plaintiff also alleges a claim of defamation.  "A defamation claim requires demonstrating (1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev.2005).  Truth, however, is a complete defense to defamation. *See Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82, 88 (Nev.2002).  Plaintiff fails to allege any facts to support a defamation claim.  The Court will therefore grant Plaintiff leave to amend his complaint.

### V.    Intentional Infliction of Emotional Distress Claim

It appears Plaintiff may also be attempting to allege a claim of intentional infliction of emotional distress.  To state a claim for intentional infliction of emotional distress the plaintiff must establish: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 989 P.2d 882, 886 (1999) (quoting *Star v. Rabello*, 97 Nev. 124, 625 P.2d 90, 92 (1981)). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent–A–Car*, 114 Nev. 1, 953 P.2d 24, 26 (1998) (internal quotation marks and citation omitted). "The Court determines whether the defendant's conduct may be regarded as extreme and outrageous so as to permit recovery, but, where reasonable people may differ, the jury determines whether the conduct was extreme and outrageous enough to result in liability." *Chehade Refai v. Lazaro*, 614 F.Supp.2d 1103, 1121 (D.Nev.2009) (citing *Norman v. Gen. Motors Corp.*, 628 F.Supp. 702, 704–05 (D.Nev.1986)).  The Court finds that Plaintiff failed to plead facts sufficient to support an intentional infliction of emotional distress claim.  Even if the Court were to

<pre>
<code>
</code>
</pre>

consider Plaintiff's alleged wrongful termination as extreme or outrageous conduct, Plaintiff failed to allege that he suffered any severe or emotional distress as a result of that conduct. The Court will therefore grant Plaintiff leave to amend his complaint.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**B.     Motion for Delivery of Complaint and Summons (#5)**

On February 7, 2012, Plaintiff filed a motion, requesting the Court serve the Defendants in this action. Plaintiff's request is premature. Plaintiff's complaint must first be screened pursuant to 28 U.S.C. §1915 and then filed with the Court. After the complaint has been filed, then Defendants can be served with the summons and complaint. Upon the final screening of Plaintiff's complaint, the Court will provide Plaintiff with further instructions to complete service on Defendants. Plaintiff's motion is therefore denied.

**C.     Motion for Leave to Supplement Complaint (#7)**

Plaintiff further requests the Court grant him leave to attach an additional EEOC Notice of Rights to his original complaint, which he inadvertently forgot to attach. The Court will not grant Plaintiff leave to attach this additional document to his original complaint because the Court is dismissing Plaintiff's complaint with leave to amend. Rather, the Court instructs Plaintiff to attach this document and any other documents that support Plaintiff's claims to his amended complaint. Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Complaint (#1-1) is **dismissed** without prejudice with leave to amend. Plaintiff shall have until **Monday, April 9, 2012**, to correct the noted deficiencies and file a complete amended complaint.

1   **IT IS FURTHER ORDERED** that Plaintiff's Motion for Delivery of Complaint and
2   Summons (#5) is **denied**.
3   **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Supplement
4   Complaint (#7) is **denied**.
5   DATED this 8th day of March, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge