1
2
3
4
5                          UNITED STATES DISTRICT COURT

6                                DISTRICT OF NEVADA

7                                      * * *

8    MILTON O. CRAWFORD,                    )
                                            )
9              Plaintiff,                   )      2:12-cv-00122-GMN-GWF
                                            )
10   vs.                                    )      **ORDER AND REPORT AND**
                                            )      **RECOMMENDATION**
11   SMITH'S FOOD AND DRUG                  )
     STORE, et. al.,                        )      Screening of Amended Complaint (#14)
12                                          )      Motion for Service (#14)
               Defendant,                   )      Motion for Leave to Supplement (#13)
13   _____       )

14         This matter comes before the Court on the screening of Plaintiff's Amended Complaint

15   (#14), Plaintiff's Motion for Service of Complaint and Summons (#14), and Plaintiff's Motion

16   for Leave to Supplement Complaint (#13), filed on April 9, 2012. The Court previously

17   dismissed Plaintiff's Complaint without prejudice and granted Plaintiff leave to amend.  The

18   Court will now screen Plaintiff's Amended Complaint (#14).

19                                   **BACKGROUND**

20         Plaintiff alleges claims for intentional infliction of emotional and mental distress, undue

21   harassment, racial discrimination, age discrimination, sexual discrimination, wage

22   discrimination, defamation, degradation of character, humiliation, laceration of feelings,

23   retaliation for engaging in protected activity, wrongful retaliatory discharge and compensatory

24   damages.  Generally, Plaintiff claims that he made verbal and written complaints of food safety

25   concerns, race discrimination, age discrimination, wage discrimination, gender discrimination,

26   harassment, unequal treatment, not receiving scheduled breaks, and being held to a higher

27   standard than other individuals.  Plaintiff alleges that Defendant ignored his concerns and failed

28   to take any action to correct their behavior.  Plaintiff further claims that because he expressed

1    these concerns, Plaintiff was subjected to a hostile work environment, was retaliated against and

2    ultimately discharged for filing a complaint with the Equal Employment Opportunity

3    Commission (EEOC).  Plaintiff further claims that Defendant granted Plaintiff time off due to a

4    family crisis, but then subsequently reprimanded Plaintiff for "excessive absenteeism."  Plaintiff

5    alleges that this reprimand was used to support his termination.  As a result, Plaintiff requests

6    $300,000 in compensatory damages and $10,000,000.00 in punitive damages.

7                                        **DISCUSSION**

8    **A.      Screening of Complaint**

9            Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

10   complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to

11   dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

12   relief  may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is

13   immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be

14   dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a

15   doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to

16   relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be

17   dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual

18   scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual

19   frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

20   incredible, whether or not there are judicially noticeable facts available to contradict them."

21   *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under §

22   1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing

23   its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be

24   cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

25           It appears Plaintiff is attempting to state a claim for discrimination and retaliation under

26   Title VII of the Civil Rights Act.  *See* 42 U.S.C. § 2000e et seq.   Title VII allows persons to sue

27   an employer for discrimination on the basis of race, color, religion, gender or national origin if he

28   or she has exhausted both state and EEOC administrative procedures.  Once plaintiff files

1   charges with the EEOC, the commission will investigate the charges, attempt to reach a

2   settlement, and decide whether to sue the employer or refer the decision to sue to the Attorney

3   General if the charges are against a state or local governmental entity. *Id.*  If the EEOC or

4   Attorney General decides not to sue and if there is no settlement that is satisfactory to plaintiff,

5   the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted his remedies

6   with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1).  After receipt of the right-to-sue letter, plaintiff

7   may sue in federal or state court. *Id.*; *see also Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S.

8   820, 825-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990).  Here, Plaintiff has attached two Notice of

9   Rights letters from the EEOC and subsequently filed this action within 90 days.  Thus, it appears

10  Plaintiff has exhausted his administrative remedies.

11              **I.      Discrimination Claims**

12          In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff

13  must establish: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was

14  subjected to an adverse employment action; and (d) similarly situated employees not in his

15  protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.

16  2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir.2002)).  Plaintiff appears to

17  be alleging racial discrimination, age discrimination, gender discrimination and wage

18  discrimination.

19              **A.      Racial Discrimination**

20          Plaintiff alleges that he is an African American male who was subject to adverse action

21  because of his race.  Plaintiff claims that he was the only African American employee at the

22  store.  Plaintiff further alleges many of his fellow employees were related to an individual in

23  management and received preferential treatment.  Plaintiff further alleges that he was started at

24  an hourly rate of $7.00, whereas other individuals, who may have been less qualified and who

25  were not African Americans started at a higher rate.  Plaintiff further claims that he was passed

26  over for other employment opportunities, treated with hostility and terminated based on his race.

27  Taking all of Plaintiff's allegations as true, the Court finds that Plaintiff has stated facts sufficient

28  to bring a claim for racial discrimination.

**B.     Age Discrimination**

Plaintiff alleges that he was approximately 44 years old at the time he was hired by Defendant.   Plaintiff claims that when he went to apply for an overnight stocker position, Plaintiff was overlooked for the position based on his age, despite being qualified for the position.  Plaintiff claims that management told him that they wanted someone "younger" for the position, and in fact, management did hire a younger individual. Taking all these allegations as true, Plaintiff has stated sufficient facts to proceed with a claim for age discrimination.

**C.     Gender/Wage Discrimination**

To establish a prima facie case of wage discrimination an individual must provide sufficient evidence that an employer paid different salaries to men and women for equal work performed under similar conditions.  *Piva v. Xerox Corp.*, 654 F.2d 591 (9th Cir. 1981).  Equal pay for equal work is what the Equal Pay Act requires, and those elements are the focus of the prima facie case.  *See Drum v. Leeson Elec. Corp.*, 565 F.3d 1071, 1072 (8th Cir.2009).  Here, Plaintiff offers the starting wages of four different employees who he alleges started at a higher rate than he did.  However, of those four employees, two are male and two are female.  Plaintiff has therefore failed to show that the Defendant paid different salaries based on gender.   Plaintiff has failed to allege sufficient facts to bring a claim for gender or wage discrimination.

**II.     Retaliation Claim**

It appears Plaintiff is also attempting to state a claim for retaliation.  Title VII prohibits, among other things, retaliation against an employee for filing a discrimination charge or otherwise participating in a Title VII proceeding. *See* 42 U.S.C. § 2000e–3(a); *Nilsson v. City of Mesa*, 503 F.3d 947, 944 (9th Cir.2007). "In order to establish a prima facie case of retaliation, the plaintiff must demonstrate that (1) he had engaged in a protected activity;" (2) the Defendants subjected him "to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action." *Porter v. California Dept. of Corrections*, 419 F.3d 885, 894 (9th Cir.2005).  If the plaintiff "provides sufficient evidence to show a prima facie case of retaliation, the burden then shifts to the [Defendants] to articulate a legitimate, non-retaliatory reason for [their] actions." *Id.* (citation omitted).  If the Defendants set forth such

1   a reason, Plaintiff "bears the ultimate burden of submitting evidence indicating that the

2   [defendant's] proffered reason is merely a pretext for a retaliatory motive." Id. (citation omitted).

3          Plaintiff's complaint alleges that he made several verbal and written complaints to

4   management, and that management failed to take any action to address Plaintiff's concerns.

5   Plaintiff further claims that he was retaliated against and discharged because he filed a complaint

6   with the EEOC.   Taking these allegations as true and viewing them in the light most favorable to

7   the Plaintiff, the Court finds Plaintiff's complaint sufficiently alleges a claim for retaliation.

8          **III.    Hostile Work Environment Claim**

9          It also appears that Plaintiff is attempting to state a claim for hostile work environment

10  under Title VII.  In order to prove a prima facie case of a hostile work environment in violation

11  of Title VII, Plaintiff must show: (a) that he was subjected to verbal or physical conduct; (b) that

12  this conduct was unwelcome; and (c) that the conduct was sufficiently severe or pervasive to

13  alter the conditions of the victim's employment and create an abusive working environment.

14  *Manatt v. Bank of America, NA*, 339 F.3d 792, 798 (9th Cir.2003) (*citing Kang v. Lim Am., Inc.*,

15  296 F.3d 810, 817 (9th Cir.2002).  Plaintiff alleges that he was subjected to a hostile work

16  environment.  Specifically, Plaintiff alleges that a fellow employee, Crystal Whetzel, attempted

17  to cause physical injury to him when that employee filled a trash can with ice, and then covered it

18  with debris to conceal its true contents.  Plaintiff alleges that this action was done with malice

19  and the intent to hurt Plaintiff.  Plaintiff further claims that a produce clerk, Dan Ross, was

20  spreading malice rumors about Plaintiff marking down product for certain customers.   Taking

21  these allegations as true and viewing all the allegations in the light most favorable to Plaintiff, it

22  appears Plaintiff states sufficient facts to support a claim for hostile work environment.

23         **IV.    Intentional Infliction of Emotional Distress Claim**

24         It appears Plaintiff may also be attempting to allege a claim of intentional infliction of

25  emotional distress.  To state a claim for intentional infliction of emotional distress the plaintiff

26  must establish: "(1) extreme and outrageous conduct with either the intention of, or reckless

27  disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme

28  emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*,

1    115 Nev. 372, 989 P.2d 882, 886 (1999) (quoting *Star v. Rabello*, 97 Nev. 124, 625 P.2d 90, 92

2    (1981)). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of

3    decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency*

4    *Rent–A–Car*, 114 Nev. 1, 953 P.2d 24, 26 (1998) (internal quotation marks and citation omitted).

5    "The Court determines whether the defendant's conduct may be regarded as extreme and

6    outrageous so as to permit recovery, but, where reasonable people may differ, the jury determines

7    whether the conduct was extreme and outrageous enough to result in liability." *Chehade Refai v.*

8    *Lazaro*, 614 F.Supp.2d 1103, 1121 (D. Nev. 2009) (citing *Norman v. Gen. Motors Corp.*, 628

9    F.Supp. 702, 704–05 (D. Nev. 1986)).  The Court finds that Plaintiff failed to plead facts

10   sufficient to support an intentional infliction of emotional distress claim.  Even if the Court were

11   to consider Plaintiff's alleged wrongful termination as extreme or outrageous conduct, Plaintiff

12   failed to allege that he suffered any severe or emotional distress as a result of that conduct.

13                  **A.      Motion for Delivery of Complaint and Summons (#14)**

14                  Along with his Amended Complaint, Plaintiff filed a request to service the complaint and

15   summons.  Now that the Court has screened Plaintiff's Amended Complaint, the Court will

16   instruct Plaintiff on the proper manner by which he can perfect service.  Plaintiff's motion is

17   therefore granted.

18                  **B.      Motion for Leave to Supplement Complaint (#13)**

19                  Plaintiff further requests the Court grant him leave to attach an additional EEOC Notice

20   of Rights to his original complaint, which he inadvertently forgot to attach.  The Court will not

21   grant Plaintiff leave to attach any additional documents to his original complaint because the

22   Court dismissed Plaintiff's original complaint.  Plaintiff attached the additional EEOC Notice of

23   Rights to his amended complaint, which the Court has reviewed.  Therefore, Plaintiff's request is

24   moot.  Accordingly,

25                  **IT IS HEREBY ORDERED** Plaintiff shall be allowed to proceed on the following

26   claims: racial discrimination, age discrimination, retaliation and a hostile work environment.

27                  **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Amended

28   Complaint (#14).

1   **IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the

2   defendants named in the complaint, and deliver the summons to the U.S. Marshal for service.

3   The Plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285

4   forms.  After Plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal,

5   he has twenty (20) days to file a notice with the court identifying which defendants were served

6   and which were not served, if any.  If the Plaintiff wishes to have the U.S. Marshal attempt

7   service again on any unserved defendant, then a motion must be filed with the court identifying

8   the unserved defendant, specifying a more detailed name and address, and indicating whether

9   some other manner of service should be used.  Pursuant to the Federal Rules of Civil Procedure

10  Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date

11  that the complaint was filed.

12  **IT IS FURTHER ORDERED** that henceforth, Plaintiff shall serve upon Defendants, or

13  their attorney if they have retained one, a copy of every pleading, motion, or other document

14  submitted for consideration by the court.  Plaintiff shall include with the original paper submitted

15  for filing a certificate stating the date that a true and correct copy of the document was mailed to

16  the Defendant or their counsel.  The court may disregard any paper received by a district judge,

17  magistrate judge, or the Clerk which fails to include a certificate of service.

18  **IT IS FURTHER ORDERED** that Plaintiff's Motion for Delivery of Complaint and

19  Summons (#14) is **granted**.

20  **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Supplement

21  Complaint (#13) is **denied** as moot.

22

23  <u>**RECOMMENDATION**</u>

24  **IT IS HEREBY RECOMMENDED** that Plaintiff's claims for gender and age

25  discrimination and intentional infliction of emotional distress be dismissed with prejudice for

26  failure to state a claim upon which relief can be granted.

27  . . .

28  . . .

1

## **NOTICE**

2          Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must

3   be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court

4   has held that the courts of appeal may determine that an appeal has been waived due to the failure

5   to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This

6   circuit has also held that (1) failure to file objections within the specified time and (2) failure to

7   properly address and brief the objectionable issues waives the right to appeal the District Court's

8   order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d

9   1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir.

10   1983).

11          DATED this 9th day of May, 2012.

12

13                                              _George Foley Jr._____

14                                              GEORGE FOLEY, JR.
                                                United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28