UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MILTON O. CRAWFORD,  )
  )
      Plaintiff,  )
  vs.  )   Case No.: 2:12-cv-00122-GMN-GWF
  )
SMITH'S FOOD AND DRUG STORE, INC., )   **ORDER**
et al.,  )
  )
      Defendants.  )
  )

      Pending before the Court is the Report and Recommendation of United States Magistrate Judge George W. Foley, Jr. (ECF No. 15.) *Pro se* Plaintiff Milton O. Crawford filed Objections (ECF Nos. 18, 22). For the reasons discussed below, the Court will accept in full Judge Foley's Report and Recommendation to the extent that it is not inconsistent with this Order.

**I.    BACKGROUND**

      Plaintiff filed his original Complaint along with an Application for Leave to Proceed *in forma pauperis* (ECF No. 1). Judge Foley granted Plaintiff's Application (Order, February 3, 2012, ECF No. 3) and dismissed Plaintiff's claims for discrimination, hostile work environment, and intentional infliction of emotional distress, without prejudice with leave to amend (Order, March 8, 2012, ECF No. 9).

      Plaintiff's Amended Complaint appears to allege claims for intentional infliction of emotional and mental distress, undue harassment, racial discrimination, age discrimination, sexual discrimination, wage discrimination, defamation, degradation of character, humiliation, laceration of feelings, retaliation for engaging in protected activity, wrongful retaliatory discharge and compensatory damages. (Am. Compl., ECF No. 16.)

      The Amended Complaint was referred to Judge Foley pursuant to 28 U.S.C. § 636(b)(1)(B)

and District of Nevada Local Rule IB 1-4.  Judge Foley recommended that this Court enter an order dismissing Plaintiff's claims for wage, gender and age discrimination and intentional infliction of emotional distress, for failure to state a claim upon which relief can be granted. (R&R, ECF No. 15; Min. Order, May 21, 2012, ECF No. 20.)

Plaintiff objects solely to Judge Foley's recommendation to dismiss the claims for wage discrimination and for intentional infliction of emotional distress. (ECF Nos. 18, 22.)

## II.   LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend.  The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.     DISCUSSION

#### A.     Wage Discrimination

In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)).

To establish a prima facie case of wage discrimination an individual must provide sufficient evidence that an employer paid different salaries to men and women for equal work

performed under similar conditions. *Piva v. Xerox Corp.*, 654 F.2d 591, 598 (9th Cir. 1981). Equal pay for equal work is what the Equal Pay Act requires, and those elements are the focus of the prima facie case. *See Drum v. Leeson Elec. Corp.*, 565 F.3d 1071, 1072 (8th Cir. 2009). Therefore, in order for Plaintiff to sufficiently state a claim for wage discrimination, he must allege that Defendant paid different salaries based on gender.

Here, Plaintiff offers the starting wages of four different employees who he alleges started at a higher rate than he did. However, of those four employees, two are male and two are female. Plaintiff has therefore failed to show that the Defendant paid different salaries based on gender, and this deficiency does not appear to be curable by amendment, particularly since Plaintiff has already been given leave to amend once before. Accordingly, Plaintiff's claim for wage discrimination will be dismissed with prejudice.

**B.   Intentional Infliction of Emotional Distress**

To state a claim for intentional infliction of emotional distress a plaintiff must establish: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 989 P.2d 882, 886 (1999) (quoting *Star v. Rabello*, 97 Nev. 124, 625 P.2d 90, 92 (1981)). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 953 P.2d 24, 26 (1998) (internal quotation marks and citation omitted). "The Court determines whether the defendant's conduct may be regarded as extreme and outrageous so as to permit recovery, but, where reasonable people may differ, the jury determines whether the conduct was extreme and outrageous enough to result in liability." *Chehade Refai v. Lazaro*, 614 F.Supp.2d 1103, 1121 (D. Nev. 2009) (citing *Norman v. Gen. Motors Corp.*, 628 F.Supp. 702, 704–05 (D. Nev. 1986)).

Here, the Court finds that Plaintiff failed to plead facts sufficient to support a claim of intentional infliction of emotional distress.  Even if the Court were to consider Plaintiff's alleged wrongful termination as extreme or outrageous conduct, Plaintiff failed to allege that he suffered any severe or emotional distress as a result of that conduct.

Even if Plaintiff were to properly allege each element of this claim, the Court finds that amendment of this claim would be futile, particularly since Plaintiff has already been given leave to amend once before.  In the facts alleged by Plaintiff thus far there is no indication that Plaintiff can plead additional facts that might support a plausible claim that Defendant committed extreme and outrageous conduct that is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community.  For this reason, Plaintiff's claim for intentional infliction of emotional distress will be dismissed with prejudice.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Judge Foley's Report and Recommendation (ECF No. 15) be **ACCEPTED**, in full, to the extent that it is not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's claims for wage, gender and age discrimination and intentional infliction of emotional distress shall be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**DATED** this 25th day of June, 2012.

_____
Gloria M. Navarro
United States District Judge