UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MILTON O. CRAWFORD, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> SMITH'S FOOD AND DRUG STORE, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:12-cv-00122-GMN-GWF <br><br> **ORDER** |

Pending before the Court is the Motion to Reconsider (ECF No. 32) filed by *pro se* Plaintiff Milton O. Crawford. Defendant Smith's Food & Drug Centers, Inc. ("Smith's") filed an opposition (ECF No. 33) and Plaintiff filed a Reply (ECF No. 39).

**I.   BACKGROUND**

Plaintiff filed his original Complaint along with an Application for Leave to Proceed *in forma pauperis* (ECF No. 1). United States Magistrate Judge George Foley, Jr., granted Plaintiff's Application (Order, February 3, 2012, ECF No. 3) and dismissed Plaintiff's claims for discrimination, hostile work environment, and intentional infliction of emotional distress, without prejudice with leave to amend (Order, March 8, 2012, ECF No. 9). On April 9, 2012, Plaintiff filed an Amended Complaint along with a Motion for Delivery of Complaint (ECF No. 14).

On May 10, 2012, Judge Foley entered an Order and Report and Recommendation (ECF No. 15), granting Plaintiff's Motion for Delivery of Complaint and Summons and ordering the Clerk of the Court to file Plaintiff's Amended Complaint.

Judge Foley ordered that "Plaintiff shall be allowed to proceed on the following claims: racial discrimination, **age** discrimination, retaliation and a hostile work environment." (*Id*. At

6:25-26 (emphasis added).)  Judge Foley recommended that "Plaintiff's claims for gender and **age** discrimination and intentional infliction of emotional distress be dismissed with prejudice for failure to state a claim upon which relief can be granted." (*Id*. at 7:24-26 (emphasis added).)

On May 17, 2012, Plaintiff filed two Objections (ECF Nos. 18, 22) to Judge Foley's Report and Recommendation.  The following day, Plaintiff also filed a Motion for Clarification (ECF No. 19) of Judge Foley's Order.  On May 21, 2012, Judge Foley granted Plaintiff's Motion for Clarification in a Minute Order, and clarified that the Recommendation contained a typographical error, and that Judge Foley recommends that "Plaintiff's claims for gender and *wage* discrimination and intentional infliction of emotional distress" be dismissed with prejudice for failure to state a claim upon which relief can be granted. (*See* Min. Order, ECF No. 20.)

On June 25, 2012, the Court entered its Order accepting and adopting in full the Report and Recommendation. (ECF No. 30.)  Citing Judge Foley's Report and Recommendation (ECF No. 15) and Minute Order (ECF No. 20), the Court stated that "Judge Foley recommended that this Court enter an order dismissing Plaintiff's claims for wage, gender and **age** discrimination and intentional infliction of emotional distress, for failure to state a claim upon which relief can be granted." (*Id*. at 2:1-3 (emphasis added).)   The Court recognized that with his Objections (ECF Nos. 18, 22), "Plaintiff objects solely to Judge Foley's recommendation to dismiss the claims for wage discrimination and for intentional infliction of emotional distress." (*Id*. at 2:5-6.)

The Court concluded its Order by accepting Judge Foley's Report and Recommendation, and then ordered "that Plaintiff's claims for wage, gender and **age** discrimination and intentional infliction of emotional distress shall be DISMISSED with prejudice for failure to state a claim upon which relief can be granted." (*Id*. at 5:15-17 (emphasis added).)

Here, in his Motion to Reconsider (ECF No. 32), Plaintiff objects to the inclusion of "age" discrimination in the Court's Order, because of the typographical error that was subsequently

corrected by Judge Foley. Plaintiff also appears to request a ruling on his Objections (ECF Nos. 18, 22), arguing that the Court has not yet addressed them. As discussed below, the Court finds that Plaintiff's motion to reconsider is well-taken, and the Court will grant the motion and correct its June 25, 2012, Order. Plaintiff's request for a ruling on his Objections is denied, because the Court's June 25, 2012, Order did address Plaintiff's Objections.

## II.   LEGAL STANDARD

Rule 60 of the Federal Rules of Civil Procedure governs relief from a judgment or order:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d at 1263.

## III.   DISCUSSION

As discussed above, the Court's June 25, 2012, Order (ECF No. 30) included "age" in its dismissal of "Plaintiff's claims for wage, gender and age discrimination and intentional infliction of emotional distress." The typo in Judge Foley's Recommendation recommended dismissing Plaintiff's claims for "age" discrimination instead of "wage" discrimination, and the Court's

1  reading of Judge Foley's Minute Order resulted in the addition of "wage discrimination" to the
2  claims dismissed, without removing "age discrimination" from the list of claims dismissed.
3        Accordingly, the Court finds that its Order to dismiss Plaintiff's claim for age
4  discrimination was in error, and a result of mistake and inadvertence by the Court.  Therefore,
5  the Court will correct its Order dismissing Plaintiff's claim for age discrimination, as stated on
6  page 5, line 15 (Order, June 25, 2012, ECF No. 30).  Plaintiff shall be allowed to proceed with
7  his claim for age discrimination, as stated by Judge Foley in his May 10, 2012, Order (ECF No.
8  15) and May 21, 2012, Minute Order (ECF No. 20).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Reconsider (ECF No. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court hereby corrects its June 25, 2012, Order (ECF No. 30) dismissing Plaintiff's claim for age discrimination, as stated on page 5, line 15. Instead of "wage, gender and age" the Order should state "wage and gender" at line 15. An **Amended Order** incorporating this correction is attached hereto as "Exhibit "A" for reference.

DATED this 15th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge

# EXHIBIT "A"

# EXHIBIT "A"

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MILTON O. CRAWFORD,<br><br>   Plaintiff,<br>vs.<br><br>SMITH'S FOOD AND DRUG STORE, INC., et al.,<br><br>   Defendants. | Case No.: 2:12-cv-00122-GMN-GWF<br><br>**AMENDED ORDER**<br>**(Re:  ECF No. 30)** |

**This Amended Order corrects the Order filed on June 25, 2012 (ECF No. 30), as follows:  On page 5 at line 15, the claim for "age" discrimination was removed in accordance with this Court's Order filed on March 15, 2013.**

Pending before the Court is the Report and Recommendation of United States Magistrate Judge George W. Foley, Jr. (ECF No. 15.)  *Pro se* Plaintiff Milton O. Crawford filed Objections (ECF Nos. 18, 22).  For the reasons discussed below, the Court will accept in full Judge Foley's Report and Recommendation to the extent that it is not inconsistent with this Order.

I.    **BACKGROUND**

Plaintiff filed his original Complaint along with an Application for Leave to Proceed *in forma pauperis* (ECF No. 1).  Judge Foley granted Plaintiff's Application (Order, February 3, 2012, ECF No. 3) and dismissed Plaintiff's claims for discrimination, hostile work environment, and intentional infliction of emotional distress, without prejudice with leave to amend (Order, March 8, 2012, ECF No. 9).

Plaintiff's Amended Complaint appears to allege claims for intentional infliction of emotional and mental distress, undue harassment, racial discrimination, age discrimination, sexual discrimination, wage discrimination, defamation, degradation of character, humiliation,

laceration of feelings, retaliation for engaging in protected activity, wrongful retaliatory discharge and compensatory damages. (Am. Compl., ECF No. 16.)

The Amended Complaint was referred to Judge Foley pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Nevada Local Rule IB 1-4.  Judge Foley recommended that this Court enter an order dismissing Plaintiff's claims for wage, gender and age discrimination and intentional infliction of emotional distress, for failure to state a claim upon which relief can be granted. (R&R, ECF No. 15; Min. Order, May 21, 2012, ECF No. 20.)

Plaintiff objects solely to Judge Foley's recommendation to dismiss the claims for wage discrimination and for intentional infliction of emotional distress. (ECF Nos. 18, 22.)

## II.     LEGAL STANDARD

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo determination of those portions of the Report to which objections are made. *Id*.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3-2(b).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l. v. Arizona Corp. Comm'n*., 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

#### A. Wage Discrimination

In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish: (a) he belonged to a protected class; (b) he was qualified for his job; (c) he was subjected to an adverse employment action; and (d) similarly situated employees not in his protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir.

2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)).

To establish a prima facie case of wage discrimination an individual must provide sufficient evidence that an employer paid different salaries to men and women for equal work performed under similar conditions. *Piva v. Xerox Corp.*, 654 F.2d 591, 598 (9th Cir. 1981). Equal pay for equal work is what the Equal Pay Act requires, and those elements are the focus of the prima facie case. *See Drum v. Leeson Elec. Corp.*, 565 F.3d 1071, 1072 (8th Cir. 2009). Therefore, in order for Plaintiff to sufficiently state a claim for wage discrimination, he must allege that Defendant paid different salaries based on gender.

Here, Plaintiff offers the starting wages of four different employees who he alleges started at a higher rate than he did. However, of those four employees, two are male and two are female. Plaintiff has therefore failed to show that the Defendant paid different salaries based on gender, and this deficiency does not appear to be curable by amendment, particularly since Plaintiff has already been given leave to amend once before. Accordingly, Plaintiff's claim for wage discrimination will be dismissed with prejudice.

### B.     Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress a plaintiff must establish: "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff's having suffered severe or extreme emotional distress, and (3) actual or proximate causation." *Dillard Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 989 P.2d 882, 886 (1999) (quoting *Star v. Rabello*, 97 Nev. 124, 625 P.2d 90, 92 (1981)). "[E]xtreme and outrageous conduct is that which is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 953 P.2d 24, 26 (1998) (internal quotation marks and citation omitted). "The Court determines whether the defendant's conduct may be regarded as extreme and outrageous so as to permit recovery, but, where reasonable people may differ, the jury determines whether the

conduct was extreme and outrageous enough to result in liability." *Chehade Refai v. Lazaro*, 614 F.Supp.2d 1103, 1121 (D. Nev. 2009) (citing *Norman v. Gen. Motors Corp.*, 628 F.Supp. 702, 704–05 (D. Nev. 1986)).

Here, the Court finds that Plaintiff failed to plead facts sufficient to support a claim of intentional infliction of emotional distress.  Even if the Court were to consider Plaintiff's alleged wrongful termination as extreme or outrageous conduct, Plaintiff failed to allege that he suffered any severe or emotional distress as a result of that conduct.

Even if Plaintiff were to properly allege each element of this claim, the Court finds that amendment of this claim would be futile, particularly since Plaintiff has already been given leave to amend once before.  In the facts alleged by Plaintiff thus far there is no indication that Plaintiff can plead additional facts that might support a plausible claim that Defendant committed extreme and outrageous conduct that is outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community.  For this reason, Plaintiff's claim for intentional infliction of emotional distress will be dismissed with prejudice.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Judge Foley's Report and Recommendation (ECF No. 15) be **ACCEPTED**, in full, to the extent that it is not inconsistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's claims for wage and gender discrimination and intentional infliction of emotional distress shall be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**AMENDED** this 15th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge