# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| Milton O. Crawford, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:12-cv-00122-GMN-GWF |
| vs. | ) | |
| | ) | **ORDER** |
| Smith's Food and Drug Centers, Inc.; and The | ) | |
| Kroger Company, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court are several motions filed by *pro se* Plaintiff Milton O. Crawford against Defendant The Kroger Company ("Kroger"), apparently requesting the same relief of default judgment: Motion for Default (ECF No. 57); Application for Default Judgment Against the Kroger Company (ECF No. 99); Motion for Judgment by Default (ECF No. 109); and Motion for Judgment by Default (ECF No. 113).

Also before the Court are Kroger's related motions: Motion to Set Aside Entry of Default (ECF No. 64) and Motion for Sanctions (ECF No. 102), requesting costs and fees.

## I. BACKGROUND

Plaintiff originally filed suit against Defendant Smith's Food and Drug Store, Inc. ("Smith's"), accompanied by an Application to Proceed In Forma Pauperis. (ECF No. 1.) After screening Plaintiff's original complaint, United States Magistrate Judge George Foley, Jr., dismissed it without prejudice with leave to amend. (Order, March 8, 2012, ECF No. 9.) Plaintiff then submitted his proposed Amended Complaint, adding claims against Defendant Kroger.[1] (Mot. Delivery of Compl. & Summons, ECF No. 14.) Judge Foley ordered that the

---

[1] Plaintiff also apparently named the specific store from which he was terminated, "Smith's Food and Drug," as a separate defendant. (*See* ECF No. 16.) However, since that store does not appear to be a separate legal entity from Defendant Smith's (*see* Answer, 2:1 n.1, ECF No. 36), the Court will refer solely to Defendant "Smith's."

Amended Complaint be filed in the docket, and that Plaintiff shall be allowed to proceed on his claims for racial discrimination, age discrimination, retaliation, and a hostile work environment.[2] (Order and R&R, May 10, 2012, ECF No. 15.)  Judge Foley also granted Plaintiff's Motion for Delivery of Complaint and Summons (ECF No. 14), and ordered the Clerk of the Court to issue summons to Defendants and to deliver the summons to the United States Marshal for service. (*Id*.)  The same day, on May 10, 2012, Plaintiff's Amended Complaint was filed and the Clerk issued the Summons. (Am. Compl., ECF No. 16; Summons, ECF No. 17.)

On June 8, 2012, Proof of Service was filed as to Defendant Smith's. (ECF No. 23.)  On June 18, 2012, Plaintiff filed a Motion for Extension of Time for Service, indicating that the U.S. Marshal told him that service upon Defendant Kroger would require additional time. (ECF No. 28.)  Judge Foley denied the motion without prejudice, with leave to renew the request at a later date, closer to the service deadline of September 7, 2012. (Order, June 19, 2012, ECF No. 29.)

On September 7, 2012, Judge Foley conducted a Pre-trial Discovery Conference in which it was brought to his attention that Defendant Kroger had not yet been served. (Order, Sept. 7, ECF No. 48.)  Judge Foley noted that a Summons was previously issued by the Clerk's office, and that the status of service on Defendant Kroger was unknown. (*Id*.)  Judge Foley therefore gave instructions to Plaintiff to fill out the required USM-285 forms again, so that the U.S. Marshal could effect service of the summons. (*Id*.)  Judge Foley also ordered the Clerk of the Court to deliver the relevant documents to the U.S. Marshal for service. (*Id*.)

On September 19, 2012, Proof of Service was filed as to Defendant Kroger at the

---

[2] Judge Foley also submitted a Report and Recommendation to dismiss Plaintiff's claims for gender and wage discrimination and intentional infliction of emotional distress. (Order and R&R, May 10, 2012, ECF No. 15; Min. Order, May 21, 2012, ECF No. 20.)  The Court accepted Judge Foley's Report and Recommendation, dismissing with prejudice Plaintiff's claims for gender and wage discrimination and intentional infliction of emotional distress. (Order, June 25, 2012, ECF No. 30; Order, March 15, 2013, ECF No. 120.)

address 1014 Vine Street, Cincinnati, Ohio 45202-1100. (ECF No. 52.)  The U.S. Marshal or Deputy, Kimberly James, signed and certified on August 6, 2012, that she had "legal evidence of service" for "the process described on the individual, company, corporation, etc., at the address shown above on the on the [sic] individual, company, corporation, etc., shown at the address inserted below." (*Id.*)

The next day, on September 20, 2012, Plaintiff filed a motion styled as "Motion Request for Affidavit to Enter Default" and "Motion for Extension," with no explanation, but attaching the form for Clerk's Entry of Default used in the District of Nevada, and a copy of the Proof of Service form. (ECF No. 54.)  The Clerk's Office filed a Clerk's Entry of Default as to Defendant Kroger the following day. (ECF No. 55.)

On September 24, 2012, Plaintiff filed the first Motion for Default (ECF No. 57) currently pending before the Court, as to Defendant Kroger, and counsel for Defendant Kroger filed Notices of Appearance before the Court the next day (ECF Nos. 59-61).

On October 5, 2012, Defendant Kroger filed the instant Motion to Set Aside Entry of Default (ECF No. 64), a Response (ECF No. 66) to Plaintiff's Motion for Default, and a Memorandum in support of both (ECF No. 65).  A series of briefs were then filed by Plaintiff and Defendant Kroger relating to these two motions, including: the parties' responses and replies (ECF Nos. 68, 73, 75, 78); Plaintiff's additional motions – Application for Default Judgment Against the Kroger Company (ECF No. 99); Motion for Judgment by Default (ECF No. 109); and Motion for Judgment by Default (ECF No. 113); and Defendant Kroger's additional Motion for Sanctions (ECF No. 102), requesting costs and fees, as part of its opposition to Plaintiff's redundant request for default judgment.  At this time all these motions have been fully briefed.

**II. LEGAL STANDARD**

A Clerk's Entry of Default is governed by Rule 55(a) of the Federal Rules of Civil

Procedure, which provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).

The time to serve a responsive pleading or otherwise defend is provided under Rule 12 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(a)-(b).  Rule 12(a)(1)(A) provides that a defendant must serve an answer within twenty-one days after being served with the summons and complaint, unless another time is specified by the rule or by federal statute, or defendant has timely waived service. Fed. R. Civ. P. 12(a)(1)(A).  Rule 12(b) provides for how to present defenses. Fed. R. Civ. P. 12(b).

Under Rule 55, a court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c).  In the Ninth Circuit, to determine whether good cause has been shown under Rule 55(c), a court must consider whether any of the following factors are true: (1) whether the moving party engaged in culpable conduct that led to the default; (2) whether the moving party had no meritorious defense; or (3) whether setting aside the entry of default would prejudice the opposing party. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).  Upon such a finding, a court may refuse to set aside the default. *Id.* However, "'judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'" *Id.* (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

### III. DISCUSSION

The Proof of Service signed by the U.S. Marshal's Office as to Defendant Kroger appears to indicate service on August 6, 2012. (ECF No. 52.)  A copy of a fax from the U.S. Marshal's Office to Plaintiff was filed in the docket the same day, communicating to Plaintiff that service was effected on Defendant Kroger on August 6, 2012. (ECF No. 53.)  After August

6, 2012, twenty-one days elapsed as of August 27, 2012. The Clerk's Entry of Default was requested by Plaintiff on September 20, 2012, and entered by the Clerk's Office on September 21, 2012. (ECF Nos. 54-55.) Defendant Kroger does not allege that it waived service.

Attached to his first Motion for Default (ECF No. 57), Plaintiff includes a copy of the Proof of Service (ECF No. 52) filed by the U.S. Marshal's Office on September 19, 2012, that appears to have been altered by the handwritten addition of "served certified mail proof of delivery attached" in the "Remarks" section of the form, and the addition of a copy of a certified mail receipt. (*See* ECF No. 57-1.)

Opposing Plaintiff's motion, Defendant Kroger disputes that Plaintiff has perfected service, but does not dispute the validity of service by certified mail under Ohio state law. (*See* Mem. in Support, 9:9 & n.2, ECF No. 65.) Defendant Kroger also argues that even assuming service was perfected, the Clerk's Entry of Default should be set aside pursuant to Rule 55(c). (ECF Nos. 64, 65.)

Here, the Court does not find that Defendant Kroger engaged in culpable conduct that led to the default, that it has no meritorious defense, or that setting aside the entry of default would prejudice the opposing party. The Court finds further that the circumstances presented here do not qualify as "extreme" sufficient to justify the "drastic step" of judgment by default, and that instead, this case should be decided on the merits. Accordingly, the Court will grant Defendant Kroger's Motion to Set Aside Entry of Default (ECF No. 64) and will set aside the Clerk's Entry of Default (ECF No. 55). As a consequence, and because Defendant Kroger will no longer be in default, the Court must deny Plaintiff's Motion for Default (ECF No. 57), Application for Default Judgment Against the Kroger Company (ECF No. 99); Motion for Judgment by Default (ECF No. 109); and Motion for Judgment by Default (ECF No. 113).

Finally, the Court considers Defendant Kroger's Motion for Sanctions (ECF No. 102), and finds that sanctions are not justified here, despite the multiple redundant filings of Plaintiff

relating to default judgment.  In this action Plaintiff is representing himself, and has demonstrated perseverance in attempting to follow the sometimes incomplete, inaccurate, and conflicting instructions of this Court, the Clerk's Office, and the U.S. Marshal.  Furthermore, there is no evidence that the lengthy and confusing difficulties in effecting service upon Defendants are attributable to Plaintiff, as opposed to the U.S. Marshal's Office, the Clerk's Office, or this Court.  Accordingly, and because the Court finds no significant prejudice to Defendant Kroger, the Court finds no basis to award costs and fees as sanctions for Plaintiff's redundant filings.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Kroger's Motion to Set Aside Entry of Default (ECF No. 64) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default (ECF No. 57); Application for Default Judgment Against the Kroger Company (ECF No. 99); Motion for Judgment by Default (ECF No. 109); and Motion for Judgment by Default (ECF No. 113) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Kroger's Motion for Sanctions (ECF No. 102) is **DENIED.**

**DATED** this  20th   day of May, 2013.

Gloria M. Navarro
United States District Judge