1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

MILTON O. CRAWFORD,                                     )
                                                        )
5                                         Plaintiff,     )   Case No.: 2:12-cv-00122-GMN-GWF
                            vs.                          )
6                                                        )   **ORDER**
SMITH'S FOOD AND DRUG STORE, INC.;                      )
7   KROGER COMPANY; SMITH'S FOOD AND                    )
DRUG,                                                    )
8                                                        )
                                                         )
9                                       Defendants.      )
                                                         )

10

11          Before the Court is Defendant The Kroger Company's ("Kroger") Motion to Dismiss the

12   Amended Complaint Pursuant to Rule 12 (b)(6), and its Memorandum in Support of its Motion

13   to Dismiss the Amended Complaint (ECF Nos. 71, 72), Plaintiff Milton O. Crawford's

14   ("Crawford") Response (ECF No. 77), Defendant's Reply (ECF No. 84) and Plaintiff's Sur-

15   reply (ECF No. 86).

16          Defendant Kroger raises two separate independent reasons justifying dismissal:

17   1) Kroger was not named as a Respondent to either of Plaintiff's EEOC Charges of

18   Discrimination, and therefore, Plaintiff has failed to exhaust his administrative remedies against

19   Kroger; and 2) Kroger was not Plaintiff's employer, and Plaintiff has not alleged any basis to

20   hold Kroger liable for Smith's alleged actions.  In his Response (ECF No. 77) Plaintiff

21   Crawford merely claims service was successfully completed on August 6, 2012, and a default

22   was entered, thereby Defendant Kroger's Motion to Dismiss is untimely.  Even in his Sur-reply

23   (ECF 86), Plaintiff Crawford fails to address the issues raised in Defendant Kroger's Motion.

24          The Ninth Circuit held in *Stache v. International Union of Bricklayers*, 852 F.2d 1231,

25   1233 (9th Cir 1980), that "[a] private plaintiff must first file an EEOC complaint against the

Page 1 of 2

1  allegedly discriminatory party before bringing a Title VII suit in federal court." (citing 42

2  U.S.C. § 2000e-5 (1978)).  This Court finds that neither of Plaintiff's EEOC charges names

3  Defendant Kroger, and the EEOC has not issued to Plaintiff a Notice of Right to Sue The

4  Kroger Company.  Kroger's subsidiary Smith's was named as the only respondent to those

5  charges.  Therefore, Plaintiff has failed to exhaust his administrative remedies.

6          Furthermore, Plaintiff has failed to plead in his Amended Complaint that Defendant

7  Kroger was Plaintiff's employer or "indirect employer." *Anderson v. Pacific Maritime*

8  *Association*, 336 F.3d 924, 930-31 (9th Cir. 2003).  Plaintiff does not allege that Kroger

9  "discriminated against and interfered with" his employment relationship with Smith's, nor that

10  Kroger had "some peculiar control" over that relationship. *Id.*  In fact, Plaintiff fails to assert

11  any allegations involving Kroger, nor has Plaintiff alleged any basis to pierce Kroger's

12  corporate veil. *Watson v. Gulf and Western Industries*, 650 F.2d 990, 993 (9th Cir. 1981).

13          Finally, Plaintiff incorrectly states that a default was entered against Defendant Kroger.

14  That is simply not true.

15          Accordingly,

16          **IT IS HEREBY ORDERED** that Defendant The Kroger Company's Motion to

17  Dismiss, and its Memorandum in Support of its Motion to Dismiss the Amended Complaint

18  (ECF Nos. 71, 72) is hereby **GRANTED with prejudice**, as it is apparent that any amendment

19  by Plaintiff to his claims would be futile.

20          **DATED** this 23rd day of September, 2013.

21

22

23          _____

24          Gloria M. Navarro
            United States District Judge

25