**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MILTON O. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cv-00122-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| SMITH'S FOOD AND DRUG STORE, INC.; ) | |
| KROGER COMPANY; SMITH'S FOOD AND ) | |
| DRUG, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Plaintiff Milton O. Crawford's Motion for Reconsideration (ECF No. 122), Defendant The Kroger Company's Opposition to Plaintiff's Motion for Reconsideration (ECF No. 123) and Plaintiff's Reply (ECF No. 125).

Also before the Court is Plaintiff's Motion for Default Judgment (ECF No. 124), Defendant The Kroger Company's Opposition to Plaintiff's Motion for Default Judgment (ECF No. 126), and Plaintiff's Reply and Sur-reply (ECF No. 130).

Also before the Court is Plaintiff's Amended Motion for Default Judgment (ECF No. 128), Defendant The Kroger Company's Opposition to Plaintiff's Amended Motion for Default Judgment (ECF No. 129), and Plaintiff's Reply (ECF No. 131).

Lastly, before the Court is Defendant The Kroger Company's Motion for Attorney's Fees and Costs (ECF No. 127) and Plaintiff's Opposition (ECF No. 132).

**I.    Motion for Reconsideration (ECF No. 122)**

Plaintiff Milton O. Crawford's Motion for Reconsideration (ECF No. 122) requests reconsideration of this Court's Order dated May 20, 2013 (ECF No. 121), granting Defendant The Kroger Company's Motion to Set Aside Entry of Default (ECF No. 64).  Federal Rule of

Civil Procedure 60(b) permits a court to set aside its order for the following reasons:

1) mistake inadvertence surprise or excusable neglect;

2) newly discovered evidence that with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);

3) fraud;

4) the judgment is void;

5) the judgment has been satisfied released or discharged; or

6) any other reason that justifies relief.

The Ninth Circuit has limited the grounds for reconsideration into three primary categories: 1) newly discovered evidence; 2) the need to correct clear error or prevent manifest injustice; or 3) an intervening change in controlling law. *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

Plaintiff's Motion for Reconsideration (ECF No. 122) appears to raise a new argument, claiming that Defendant The Kroger Company should have responded to the Plaintiff's Amended Complaint without being served because it is a subsidiary of Smith's and Smith's had been served. However, Plaintiff cites no legal authority[1] for this assertion. Local Rule 7-2 provides that the failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion. Furthermore, Plaintiff does not present any other new argument or evidence and merely seeks to re-litigate again the same arguments that have already been rejected.

Accordingly, Plaintiff's Motion for Reconsideration (ECF No. 122) is denied.

/ / /

/ / /

/ / /

---

[1] Plaintiff cites several opinions from the Pennsylvania state courts which provide no legal authority upon this Court. *See Pierson v. United States*, 527 F.2d 459, 462 (9th Cir. 1975).

## II. Motions for Default Judgment (ECF No. 124) and Amended Motion for Default Judgment (ECF No. 128)

Plaintiff previously moved for default judgment (ECF No. 57, 99 and 113) three times and such motions were all denied by this Court (ECF No. 121). Likewise Plaintiff's Motion for Entry of Clerk's Default (ECF No. 109) was denied by the Court (ECF No. 109). Plaintiff fails to provide any legal justification for its subsequent motions.

Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 124) and Amended Motion for Default Judgment (ECF No. 128) are denied.

## III. Motion for Costs and Fees (ECF No. 127)

Defendant Kroger's Motion for Costs and Fees (ECF No. 127) seeks a sanction arguing this is Plaintiff's fifth redundant filing requesting default against Kroger and lists the four prior motions filed by counsel seeking the same relief (ECF Nos. 57, 99, 109, and 113). Local Rule IA 4-1 permits this Court to sanction a party for violations of the rules:

> The Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing in pro se who, without just cause:
>
> . . . .
>
> (c) Fails to comply with these Rules;
>
> . . . .

See, LR IA 4-1. Plaintiffs' Motions for Reconsideration, Default and Amended Motion for Default (ECF Nos. 122, 124 and 128) violated LR IB 3-1. Sanctions are also appropriate via the Court's inherent powers when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc*. 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2133 (1991) (citation omitted). A party who makes repeated filings with the same factual and legal arguments previously made and rejected, is subject to sanctions when such filing is "frivolous,

legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). Filings are frivolous when they are "both baseless and made without a reasonable and competent inquiry." *Id.* (citation omitted). The Court may award attorney's fees as a sanction when a party has acted in bad faith. *In re Freunscht*, 53 B.R. 110, 112 (Bkrtcy. D. Vt. 1985). A finding of bad faith does not require that the basis for the entire action be frivolous but only that a litigant's filings was motivated by vindictiveness. *Id.* "[A]dvocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto." *Id.* (citing *Lipsig v. Nat'l Student Marketing Corp.*, 663 F.2d 178, 181 (D.C. Cir. 1980); *Browning Debenture Holders' Comm. v. Dasa Corp.*, 560 F.2d 1078, 1088-89 (2d Cir. 1977)). Multiple consecutive filings stating previously rejected propositions of law may be considered harassment. *G.C. & K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1110 (9th Cir. 2003).

Pursuant to LR IB 3-1, a District Judge may only reconsider a Magistrate Judge's ruling if it is "clearly erroneous or contrary to law." *See* LR IB 3-1(a). Plaintiff inexplicably fails to provide any legal or factual basis that Magistrate Judge Foley's Order was "clearly erroneous or contrary to law." *Id.* The Court finds that Plaintiff's conduct in filing these three motions (ECF Nos. 122, 124 and 128) is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose: harassment and vindictiveness.

Accordingly, Defendant Kroger's Motion for Costs and Fees (ECF No. 127), unnecessarily expended by having to respond to Plaintiff's Motion to Reconsider (ECF No. 122), Plaintiff's Motion for Default Judgment (ECF No. 124), and Amended Motion for Default Judgment (ECF No. 128) is granted. Defendant shall file the appropriate documentation required pursuant to Local Rules 54-1and 54-16.

/ / /

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED that** Plaintiff Milton O. Crawford's Motion for Reconsideration (ECF No. 122) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Milton O. Crawford's Motion for Default Judgment (ECF No. 124) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Milton O. Crawford's Amended Motion for Default Judgment (ECF No. 128) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant The Kroger Company's Motion for Costs and Fees (ECF No. 127) is **GRANTED**.

**DATED** this 23rd day of September, 2013.

_____
Gloria M. Navarro
United States District Judge