UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MILTON O. CRAWFORD,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD AND DRUG CENTERS,<br>INC., THE KROGER COMPANY,<br>SMITH'S FOOD AND DRUG, et al.,<br><br>　　　　　Defendant. | Case No. 2:12-cv-00122-GMN-GWF<br><br>**FINDING AND**<br>**RECOMMENDATION**<br><br>Defendant's Motion For Terminating Sanctions<br>and/or Award of Costs and Fees (#182 & #184) |

This matter comes before the Court on Defendant's Motion for Terminating Sanctions (#182) filed on January 17, 2014. Plaintiff filed a Response (#188) on February 03, 2014. Defendant filed a Reply (#190) on February 13, 2014. Defendant also filed a Motion for Award of Costs and Fees (#184) on January 17, 2014.

**BACKGROUND**

At a December 13, 2013 hearing, the Court granted Defendant's Motion to Compel Discovery (#168) and stayed the Court's decision on Defendant's Motion for Discovery Sanctions (#170) pending Plaintiff's compliance or non-compliance with his discovery obligations. *See Minutes of Proceedings, Doc. #177*. Defendant's Motion to Compel (#168) sought Plaintiff's Rule 26(a) Initial Disclosures, responses to Defendant's First Set of Interrogatories and Requests for Production of Documents, and Plaintiff's appearance at his deposition. The Court ordered Plaintiff to provide written responses on or before January 13, 2014. *Id.* Additionally, the parties were to meet and confer on a date for Plaintiff's deposition, which was to take place on or before February 3, 2014. *Id.* The Court advised Plaintiff that if he complied, the Court would not impose sanctions. *Id.* On December 31, 2013, Plaintiff filed his


response to the discovery requests. *See Doc.* #181. Rather than answering or objecting to each interrogatory as required under Rule 33(b)(3), Plaintiff makes a blanket assertion of privilege without adequate specificity as to each request.

## DISCUSSION

Federal Rule of Civil Procedure 37(b)(2)(A)(iii)-(v) provides that courts may strike a complaint or dismiss an action if the plaintiff fails to obey an order to provide or permit discovery. Rule 37(d)(3) provides the same recourse if a party fails to appear for its deposition. Where the drastic sanctions of dismissal or default are imposed, however, the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith. *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1340 (9th Cir. 1985). Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault. *Fjelstad*, 762 F.2d at 1341. Because the sanction of dismissal is drastic, courts must weigh five factors before entering default: (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.1987). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

The first two factors favor dismissing this case. Plaintiff's failure to follow this Court's discovery orders and Local Rules have required much time and attention from the Court. "Although [courts] construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Here, the Court gave Plaintiff ample instruction on how to properly proceed with discovery, but Plaintiff continues to flout the discovery rules.

The third factor also supports terminal sanctions. In particular, the inability to obtain discovery from Plaintiff is greatly prejudicial because it prevents Defendant from mounting an adequate defense. *See, e.g., Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (upholding the third factor when the admonished party's conduct was such that it made it impossible for the opposing party to adequately

prepare itself for trial). Defendant has spent considerable time and resources to compel both discovery and Plaintiff's deposition, all to no avail. Plaintiff brought this action, and Defendant cannot be expected to spend additional resources to force him to properly litigate it. *See, e.g., Scarborough v. Eubanks*, 747 F.2d 871, 876 (3rd Cir. 1984) (prejudice includes "irremediable burdens or costs imposed on the opposing party"); *Chism v. National Heritage Life Insurance Co.*, 637 F.2d 1328, 1331 (9th Cir. 1981) (indicating that defendant had been prejudiced by plaintiff's continual flouting of discovery rules, failure to comply with pretrial conference obligations, and repeated violations of local court rules).

Finally, there are no less drastic sanctions available that would suffice to move this case forward. The District Judge already entered an Order (#142) sanctioning Plaintiff with an adverse award of costs and fees. The sanction, however, failed to deter Plaintiff from violating the Rules. Additionally, the Court cautioned Plaintiff that continued failure to attend his deposition or participate in discovery would result in sanctions that could include dismissal of his case. Despite the Court's warning, Plaintiff still has outstanding discovery responses and has yet to communicate with Defendant regarding his deposition. Having balanced the five *Malone* factors, the Court finds that they weigh in favor of terminal sanctions.

Furthermore, Rule 37(b)((2)(C) gives the Court discretion in awarding costs and fees. Because the Court is recommending dismissal of this action, however, and in light of Plaintiff's pursuit of this action in forma pauperis, the court will decline to award fees. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Award of Costs and Fees (#184) be **denied**.

**IT IS FURTHER ORDERED** that Defendant's previous Motion for Discovery Sanctions (#170) be **denied**.

### RECOMMENDATIONS

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for Terminating Sanctions (#182) be **granted**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Amended Complaint be **dismissed**, with prejudice.

...

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  Appeals may been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 28th day of February, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge