# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MILTON O. CRAWFORD,<br><br>              Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD AND DRUG CENTERS, INC., THE KROGER COMPANY, SMITH'S FOOD AND DRUG, et al.,<br><br>              Defendant. | Case No. 2:12-cv-00122-GMN-GWF<br><br>**ORDER**<br><br>Defendant's Motion for Attorney's Fees Pursuant to Court's (#142) Order (#148) |

This matter comes before the Court on Defendant Kroger Company's ("Kroger") Motion for Attorney's Fee (#148), filed on October 4, 2013. Plaintiff filed his Response (#156) to Defendants' Motion on October 17, 2013.

## BACKGROUND

Defendant Kroger's Motion for Costs and Fees (#127) sought sanctions against Plaintiff for multiple redundant filings. On September 23, 2013, the Court entered Order (#142) granting Defendant Kroger's Motion (#127). Specifically, the Court ordered Plaintiff to reimburse Defendant Kroger for costs and fees unnecessarily expended to respond to Plaintiff's Motion to Reconsider (#122), Plaintiff's Motion for Default Judgment (#124), and Amended Motion for Default Judgment (#128). Defendant Kroger now brings this Motion for Attorney's Fees pursuant to Local Rules 54-1 and 54-16. (*See #148)*.

## DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of

reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

     Defendant Kroger requests reimbursement of attorneys' fees at an hourly rate of $325.00 for lead counsel Steven C. Bednar, Esq., $250.00 for lead counsel James E. Ji, Esq., and $350.00 for local counsel Lyssa S. Anderson, Esq., all of whom are highly experienced in employment law and general litigation with years of practice ranging from several years to decades. Defendants are also requesting reimbursement at an hourly rate of $175.00 for local paralegal Wendy L. Applegate. The Court finds that Defendant has offered sufficient evidence that an hourly fee ranging between $250-$350 based on the associate's level of experience is reasonable for experienced associates in the Las Vegas legal market.

     Defendant Kroger seeks a total of $4,093.75 in fees associated with its time responding to Plaintiff's Motion to Reconsider (#122), Plaintiff's Motion for Default Judgment (#124), and Amended Motion for Default Judgment (#128). Defendant Kroger provided tables itemizing the billings for both the lead and local counsel. A calculation of the total hours indicate the time required by counsel to respond to the three motions at issue was 15.3 hours; roughly 7.25 hours of which were expended to respond to Plaintiff's Motion to Reconsider and approximately 8.05 hours of which were expended to respond to Plaintiff's Motion for Default Judgment and Amended

Motion for Default Judgment. Of the 15.3 hours reported, 12 hours reflected the lead counsels' time and 3.3 hours reflected the local counsel's time in responding to the aforementioned motions. Defendant Kroger asserts that the questions involved in the three motions at issue were not unusually novel or difficult, however the legal questions did require some legal research.

In light of Plaintiff's pursuit of this action in forma pauperis, the Court is concerned with lead counsels' billing in quarter hour increments. Some courts have found that billing in quarter hour increments is less reliable than tenth-hour billing and risks bill inflation. *See Republican Party of Minn. v. White*, 456 F.3d 912, 920 (8th Cir. 2006); *see also Edwards v. National Business Factors, Inc.*, 897 F. Supp 458, 462 (D. Nev. 1995). Though the Court has no way of verifying the time required to conduct phone calls concerning the case, certain entries can be judged by an objective standard and a few entries appear excessive. For example, an entry on June 4, 2013 reflects that Mr. Bednar spent .5 hours reading Plaintiff's Motion to Reconsider and outlining a response. The Court finds that thirty minutes was not reasonably needed and subtracted .1 hour in accordance with its finding. Furthermore, an entry on June 27, 2013 reflects that Mr. Ji spent 2.25 hours reading and analyzing Plaintiff's Amended Motion for Default Judgment and drafting Kroger's Memorandum in support to same and in further support of its request for costs and fees. Court Order #142, however, specifically ordered Plaintiff to reimburse Defendant Kroger for costs and fees unnecessarily expended to respond to Plaintiff's Motion to Reconsider (#122), Plaintiff's Motion for Default Judgment (#124), and Amended Motion for Default Judgment (#128). Therefore, the Court deducted .75 hours for work performed to reimburse costs and fees. After review of the pleadings and the billing tables submitted in Defendants' Motion (#148), the Court finds 9.5 hours to be a more appropriate reflection of the hours expended by lead counsel, with a total lead counsel cost of $2,616.25. Combining lead and local counsels' hours, the Court finds 12.8 hours at a cost of $3,578.75 is a better representation of defense counsels' time and fees.

Defendant Kroger indicates it did not incur any substantial costs in connection with the three motions as issue, thus, Defendant has not submitted a Bill of Costs pursuant to LR 54-1.

The Court therefore awards Defendant Kroger total fees and costs in the amount of $3,578.75. The relevant factors are subsumed in this calculation of the reasonable attorneys' fees,

and there are no other exceptional circumstances which warrant enhancement or reduction of the fees.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Milton Crawford is ordered to pay Defendant Kroger the sum total of $3,578.75.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **May 15, 2014** to pay the full amount of the fees owed.

DATED this 31st day of March, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge