UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Milton O. Crawford,            )
                               )
           Plaintiff,          )    Case No.: 2:12-cv-0122-GMN-GWF
    vs.                        )
                               )    **ORDER**
Smith's Food and Drug Centers, Inc., *et al.*,  )
                               )
           Defendants.         )
_____)

Pending before the Court are the Motions to Reconsider, (ECF Nos. 203, 204, 205), filed by *pro se* Plaintiff Milton O. Crawford. Defendant Smith's Food & Drug Centers, Inc. ("Smith's") has filed Responses, (ECF Nos. 206, 207), and Plaintiff filed Replies. (ECF Nos. 211, 212).

## I.   BACKGROUND

Plaintiff filed his original Complaint in this action on January 23, 2012, which set forth claims for, *inter alia*, intentional infliction of emotional distress, harassment, defamation, employment discrimination, retaliation, and wrongful termination against Defendant Smith's. (Compl. 3:12-16, ECF No. 1-1). On May 10, 2012, Plaintiff filed an Amended Complaint, naming Kroger Company ("Kroger") as an additional defendant. (Am. Compl., ECF No 16). Pursuant to the parties' stipulated Scheduling Order, discovery in this case was originally scheduled to close on January 14, 2013. (Sched. Order 2:12-17, ECF No 51). On September 23, 2013, the Court ordered that Plaintiff pay attorneys' fees, in an amount to be determined later, for costs incurred by Defendants due to three frivolous motions for default judgment. (Order 4:20-24, ECF No 142). On March 31, 2014, Judge Foley ruled that an award of $4,093.75 was appropriate to compensate Defendants for Plaintiff's conduct. (Order, ECF No.

197).

On February 28, 2014, after Plaintiff consistently failed to cooperate with discovery requests in defiance of direct Orders, Magistrate Judge George Foley issued a Report and Recommendation stating that Plaintiff's Amended Complaint should be dismissed with prejudice. (Rep. & Rec., ECF No. 194). On April 9, 2014, the Court adopted Judge Foley's Report and Recommendation and dismissed the Amended Complaint with prejudice. (ECF No. 201).

In the instant Motions, Plaintiff argues that (1) the dismissal of his Amended Complaint was premature, as he was entitled to default judgment against Defendant Kroger, and (2) his six motions requesting entry of default against Defendant Kroger were not redundant. (ECF Nos. 203, 204, 205).

## II. LEGAL STANDARD

### A. Reconsideration of this Court's Prior Orders

Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court may reconsider its Orders. This rule, governing relief from a judgment or order, provides in part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>   (1) mistake, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released or discharged; it is based on an

earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### B. Reconsideration of an Order Issued by a United States Magistrate Judge

A district judge may reconsider any matter that has been properly referred to a magistrate judge only upon a showing "that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); D. Nev. R. 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "This subsection would also enable the court to delegate some of the more administrative functions to a magistrate, such as . . . assistance in the preparation of plans to achieve prompt disposition of cases in the court." *Gomez v. United States*, 490 U.S. 858, 869 (1989).

A finding is clearly erroneous when, after reviewing all of the pertinent evidence, a court is "left with the definite and firm conviction that a mistake has been committed." *Boyd v. Bert Bell/Pete Rozelle NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005) (internal quotation omitted). A magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to de novo review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

/ / /

Case 2:12-cv-00122-GMN-GWF   Document 216   Filed 10/06/14   Page 4 of 6

## III. DISCUSSION

For the reasons set forth by the Court in its previous Orders (ECF Nos. 142, 201) and by Defendant Smith's in its Responses (ECF Nos. 206, 207), the Court finds no grounds for reconsideration. The arguments set forth by Plaintiff have already been rejected by the Court, and provide no grounds to reopen this case. Furthermore, Plaintiff's vexatious history in this case contradicts any notion that reconsideration is necessary to "prevent manifest injustice."

### A. Dismissal with Prejudice

In its dismissal Order, the Court recognized that despite the "great lengths to which Plaintiff has been accommodated as a *pro se* litigant, . . . [Plaintiff's] violations of Court Orders have endured even after multiple warnings, instruction as to the governing law, and referral to the Legal Aid Center of Southern Nevada's Ask-A-Lawyer Program." (Order 2:14-18, ECF No. 201). Indeed, Plaintiff's refusal to participate in discovery persisted even after "multiple warnings, orders, and sanctions of the Court." (*Id.* at 18-21). Thus, in consideration of: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions, the Court found dismissal with prejudice, as recommended by Judge Foley, to be warranted. (*See id.* at 2:9-25); (Rep. & Rec., ECF No. 194) (citing *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.1987)).

In the instant Motions, Plaintiff does not address his repeated failures to comply with the Court's discovery orders. Instead, Plaintiff merely argues that dismissal of this action was premature, as he was entitled to entry of default judgment against Defendant Kroger. (Pl.'s Mot. 4:10-15, ECF No. 204). However, Plaintiff fails to acknowledge that the Court definitively held, on May 20, 2013, that default judgment was not warranted as to Defendant Kroger, (Order 5:14-23, ECF No. 121), or that the Court denied Plaintiff's Motion to

1  Reconsider this ruling on September 23, 2013, (Order, ECF No. 142). Plaintiff fails to set forth
2  any basis, such as error, fraud, or mistake which could warrant reconsideration regarding the
3  issue of default judgment. Accordingly, the Court declines to reconsider its dismissal Order.

### B. Attorneys' Fees

Plaintiff argues that the Court erred in awarding attorneys' fees, because his six filings requesting entry of default and default judgment against Defendant Kroger were "not redundant." (Pl.'s Mot. at 3:6-9, ECF No. 203). However, Plaintiff fails to set forth any basis by which the attorneys' fee award was clearly erroneous or contrary to law. Instead, Plaintiff merely restates arguments that have repeatedly been rejected by the Court. (Pl.'s Mot. 2:20-4:2, ECF No. 204).

Upon review, the Court finds no error in its Order granting costs and fees, (ECF No. 142), or Judge Foley's Order regarding the amount of the award, (ECF No. 197). The Ninth Circuit has consistently held that the court has "inherent power to award attorney's fees for bad faith conduct." *Earthquake Sound Corp. v. Bumper Industries*, 352 F.3d 1210, 1220 (9th Cir. 2003). Recognizing that Plaintiff had, at that time, filed three redundant motions following the denial of his request for entry of default judgment, the Court found that Plaintiff had acted in bad faith and that an award of attorneys' fees was warranted. (Order 4:14-24, ECF No. 142); *see also Lipsig v. Nat'l Student Mktg. Corp.*, 663 F.2d 178, 181 (D.C. Cir. 1980) ("[A]dvocacy simply for the sake of burdening an opponent with unnecessary expenditures of time and effort clearly warrants recompense for the extra outlays attributable thereto."). After thoroughly reviewing documentation regarding the costs that were incurred in defending against these filings, Judge Foley ordered that Plaintiff pay $4,093.75. (ECF No. 197). Plaintiff's recitation of previously rejected arguments fails to call into question the Court's finding of bad faith or Judge Foley's calculation of the proper award. Furthermore, the Court's own examination reveals that these decisions are supported by the record and comport with the requirements of

1  the law. Accordingly, the Court will decline to reconsider the award of attorneys' fees.

2  **IV.   CONCLUSION**

3  **IT IS HEREBY ORDERED** that the Motions to Reconsider, (ECF Nos. 203, 204,
4  205), are **DENIED**.

5  **IT IS FURTHER ORDERED** that the pending Motions for a Stay, (ECF No. 209), and
6  Status Check, (ECF No. 215), are **DENIED AS MOOT**.

7  **DATED** this 6th day of October, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court