**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MILTON O. CRAWFORD, ) <br> ) <br>            Plaintiff, ) <br>    vs. ) <br> ) <br> SMITH'S FOOD AND DRUG CENTERS, ) <br> INC., *et al.*, ) <br> ) <br>            Defendants. ) <br> ) | Case No.: 2:12-cv-0122-GMN-GWF <br><br> **ORDER** |

Pending before the Court are three Motions, (ECF Nos. 218, 219, 220), filed by *pro se* Plaintiff Milton O. Crawford requesting that the Court reconsider numerous Orders and enter judgment in his favor.[1] Defendants Smith's Food & Drug Centers, Inc. ("Smith's") and the Kroger Company ("Kroger") have filed a Response, (ECF No. 221), and Plaintiff filed a Reply. (ECF No. 223).[2]

Also before the Court is Defendants' Motion for Sanctions. (ECF No. 222). Plaintiff filed a Response in opposition, (ECF No. 224), to which Defendants Replied, (ECF No. 225).

Also before the Court are two Motions (ECF Nos. 227, 229) filed by Plaintiff which request that Defendants each be required to submit separate filings.

Plaintiff filed his original Complaint on January 23, 2012, which set forth claims for, *inter alia*, intentional infliction of emotional distress, harassment, defamation, employment discrimination, retaliation, and wrongful termination against Defendant Smith's. (Compl. 3:12-

---

[1] Despite the fact that Plaintiff's Motions request relief under various Federal Rules of Civil Procedure, they each request reconsideration of the Court's prior rulings. Therefore, the Court construes all of them as Motions to Reconsider.

[2] In light of Plaintiff's status as a *pro se* litigant, the Court has liberally construed his filings, holding them to standards less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1   16, ECF No. 1-1).  On May 10, 2012, Plaintiff filed an Amended Complaint, naming Kroger
2   Company ("Kroger") as an additional defendant. (Am. Compl., ECF No 16).  Pursuant to the
3   parties' stipulated Scheduling Order, discovery in this case was originally scheduled to close on
4   January 14, 2013. (Sched. Order 2:12-17, ECF No 51).
5         On February 28, 2014, after Plaintiff consistently failed to cooperate with discovery
6   requests in defiance of the Court's Orders, Magistrate Judge George Foley issued a Report and
7   Recommendation stating that Plaintiff's Amended Complaint should be dismissed with
8   prejudice. (Rep. & Rec., ECF No. 194).  On April 9, 2014, the Court adopted Judge Foley's
9   Report and Recommendation and dismissed the Amended Complaint with prejudice. (ECF No.
10  201).  On that same day, the Court entered a Judgment in favor of Defendants as to all of
11  Plaintiff's claims. (ECF No. 202).
12        Shortly after the Judgment was entered, Plaintiff filed three Motions in which he
13  requested reconsideration of the Court's dismissal order and again argued that he was entitled
14  to judgment against Defendants.  The Court denied these Motions on October 6, 2014. (ECF
15  No. 216).  Plaintiff filed a Notice of Appeal in this case, (ECF No. 208), which became
16  effective after this Court declined to reconsider its Dismissal Order, (ECF No. 213).
17        Because this case is currently on appeal before the Ninth Circuit, the Court lacks
18  jurisdiction to reconsider the Judgment at issue. *See, e.g.*, *Scott v. Younger*, 739 F.2d 1464,
19  1466 (9th Cir. 1984) ("In this circuit, the rule has generally been stated that the filing of a
20  notice of appeal divests the district court of jurisdiction to dispose of the motion after an appeal
21  has been taken, without a remand from this court.").  Additionally, given this Court's lack of
22  jurisdiction, the arguments contained in Defendants' Response were superfluous; therefore the
23  Court finds that an award of attorneys' fees is not warranted as a sanction for Plaintiff's
24  conduct.
25        Accordingly,

     **IT IS HEREBY ORDERED** that Plaintiff's Motions to Reconsider, (ECF Nos. 218, 219, 220), are **DENIED**.

     **IT IS FURTHER ORDERED** that Defendants' Motion for Sanctions, (ECF No. 222), is **DENIED**.

     **IT IS FURTHER ORDERED** that Plaintiff's Motions to Require Separate Filings, (ECF Nos. 227, 229), are **DENIED AS MOOT.**

     **DATED** this 3rd day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court