**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MILTON O. CRAWFORD, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:12-cv-00122-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| SMITH'S FOOD AND DRUG STORE, INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court are Plaintiff Milton O. Crawford's ("Plaintiff's") Motions for Leave to File, (ECF Nos. 305, 306). Plaintiff's Motions seek leave of Court to file a motion for relief from the Court's Order, (ECF No. 304), denying Plaintiff leave to file a motion for clerk's entry of default and related service documents against Defendant Kroger Co. ("Kroger").

Plaintiff, a vexatious litigant, requires leave of Court to file motions in this action. (*See* Order, ECF No. 248). In the Motions at issue in the Court's Order from which Plaintiff seeks relief, Plaintiff sought leave to file a motion for clerk's entry of default because Kroger had allegedly failed to appear in this action. (Mot. Leave to File Request for Judgment 2:2–7, ECF No. 298). The Court denied leave because "[n]ot only has Kroger made numerous appearances in this case, but the Court also issued an Order, (ECF No. 141), granting Kroger's Motion to Dismiss, (ECF No. 71), Plaintiff's claims against it with prejudice." (Order 1:18–20, ECF No. 304). Plaintiff's only argument regarding the Court's Order from which he seeks relief is that it "is based upon its intentional errors and misrepresentation of the facts . . . ." (Am. Mot. Leave to File 8:5–9, ECF No. 306).

Upon review of the record, the Court again concludes that Plaintiff may not seek default judgment against Kroger. Plaintiff has not made an argument that explains the Court's errors in

1  its prior Order and why, absent the alleged errors, the disposition of the Court's prior Order
2  would have been different.  It seems Plaintiff is aggrieved that the Court said aside Clerk's
3  Entry of Default against Kroger. (*See generally id.*, ECF No. 306); (Clerk's Entry of Default,
4  ECF No. 55).  Upon motion, the Court properly set aside Clerk's Entry of Default as to Kroger,
5  explaining that, "the Court does not find that Defendant Kroger engaged in culpable conduct
6  that led to default, that it has no meritorious defense, or that setting aside the entry of default
7  would prejudice the opposing party." (*See* Order 5:14–20, ECF No. 121); *see also* Fed. R. Civ.
8  P. 55(c).  Thereafter, the Court appropriately dismissed Kroger with prejudice. (*See* Order, ECF
9  No. 141).  Plaintiff could not have stated a plausible claim against Kroger because Kroger was
10 not named as a respondent in Plaintiff's EEOC complaints, and Plaintiff did not exhaust its
11 administrative remedies against Kroger. (*see id.* 1:16–2:14).  Plaintiff may not win default
12 judgment against a party who made an appearance in the case and from whom Plaintiff could
13 not possibly recover. *See* Fed. R. Civ. P. 55(a)–(b).  Therefore, the Order denying leave to file a
14 motion for default judgment against Kroger was sound.

15   Accordingly,

16   **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Opposition and
17 Relief from Judgment, (ECF No. 305), is **DENIED**.

18   **IT IS FURTHER ORDERED**, that Plaintiff's Motion for Leave to File Amended
19 Opposition and Relief from Judgment, (ECF No. 306), is **DENIED**.

20   **DATED** this __21__ day of April, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court