# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MILTON O. CRAWFORD,  )
          Plaintiff,  )  Case No.: 2:12-cv-00122-GMN-GWF
  vs.  )
      )  **ORDER**
SMITH'S FOOD AND DRUG STORE, INC.,  )
*et al.*,  )
      )
          Defendants.  )

    Pending before the Court are the Motions for Leave to File, (ECF Nos 310–11, 313–15), filed by Plaintiff Milton O. Crawford ("Plaintiff"). Plaintiff, a vexatious litigant, requires leave of Court to file motions in this action. (*See* Order, ECF No. 248). For the reasons discussed below, the Court **DENIES** Plaintiff's Motions.

    Plaintiff's First Motion for Leave to File, (ECF No. 310), seeks leave to file a request for jury trial. Plaintiff's Complaints have been dismissed and his case closed. (Order, ECF No. 201). Accordingly, Plaintiff has no further right to a jury trial, as the Seventh Amendment's right to a civil jury trial only extends to cases where there are genuine disputes of material fact on claims that survive dismissal and summary judgment. *See Calvi v. Knox County*, 470 F.3d 422, 427 (1st Cir. 2006). Thus, the Court need not require a response from Defendants, and the Motion for Leave to File is denied.

    Plaintiff's Second and Third Motions for Leave to File, (ECF Nos. 311, 313), seek leave to file an Objection to the Court's previous Order denying leave to file, (ECF No. 309). In its previous Order, the Court considered Plaintiff's request to file motions for clerk's entry of default judgment against Defendant Kroger. (*See* Mots. Leave File, ECF Nos. 305–06). The Court explained in its prior Order that default judgment against Kroger would be improper because Kroger made an appearance in the case and Plaintiff could not possibly recover from

Kroger. (Order 1:24–2:14, ECF No. 309) (explaining that Plaintiff's claim against Kroger for employment discrimination required him to exhaust his administrative remedies against Kroger, but Plaintiff had not submitted an EEOC claim against Kroger).  Plaintiff's Motions for Leave to File provide no explanation regarding any error in the Court's prior Order, and they are therefore denied as there is no question on the merits to which Defendants need respond.

Plaintiff's Fourth Motion for Leave to File, (ECF No. 314), requests that Plaintiff be allowed to file a Motion to Strike his Objection, (ECF No. 312).  However, objections to orders from United States District Court judges have no legal effect, and Plaintiff may only appeal or file motions for reconsideration or relief from judgment to receive relief from an order of the Court. *See* Fed. R. Civ. P. 4, 60; LR IB 3-1.  Accordingly, Plaintiff's request to strike is moot, and he need not be given leave to file to receive the relief requested.

Plaintiff's Fifth Motion for Leave to File, (ECF No. 315), requests leave to file a Motion to Strike Kroger's counsels' Verified Petitions for Permission to Practice Pro Hac Vice and all the counsels' subsequent filings.  The Court granted the Petitions, finding them sufficient, and finds no defect in the Petitions upon further review. (*See* Orders, ECF Nos. 37–38). Accordingly, Plaintiff need not receive leave of Court to file a Motion that does not merit a response from Defendants.

Accordingly,

**IT IS HEREBY ORDERED**, that Plaintiff's Motions for Leave to File, (ECF Nos. 310–11, 313–15), are **DENIED**.

Dated this  13  day of November, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT